**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PHILIP ROGERS, CAROL MARIN, ROBIN AMER, LINDSEY DORCUS, YOHANCE LACOUR, and VICTORIA NASSIF, each individually and on behalf of all others similarly situated, | ) | Case No. 26-cv-05497 |
| | ) | Hon. Jorge L. Alonso |
| Plaintiffs, | ) | |
| v. | ) | |
| AMAZON.COM, INC., a Delaware corporation, | ) | |
| Defendant. | ) | |

**<u>JOINT INITIAL STATUS REPORT</u>**

Plaintiffs Philip Rogers, Carol Marin, Robin Amer, Lindsey Dorcus, Yohance Lacour, and Victoria Nassif ("Plaintiffs") and Defendant Amazon.com, Inc. ("Amazon"), by their respective counsel, submit this Joint Initial Status Report pursuant to the Court's standing order for the initial status conference set for August 20, 2026.

## I. Nature of the Case

**A. Basis for Federal Jurisdiction.** This Court has subject-matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because this is a proposed class action in which the putative class includes at least 100 members; the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and minimal diversity exists. Each named Plaintiff is domiciled in, and a citizen of, Illinois. Defendant Amazon.com, Inc. is incorporated under the laws of Delaware and has its principal place of business in Seattle, Washington, and is therefore a citizen of Delaware and Washington. Plaintiffs allege that none of the exceptions to CAFA jurisdiction in 28 U.S.C. § 1332(d)(3)–(5) applies. All claims arise under Illinois statutory and common law; no federal question is presented.

**B. Brief Description of the Claims; Counterclaims and Third-Party Claims.** Plaintiffs are six Illinois residents, including award-winning broadcast journalists, investigative podcast creators, audiobook narrators, and voice performers. They allege that Amazon took their professionally produced voice recordings — recordings produced or recorded in Illinois and publicly distributed through third-party audio platforms and through Amazon's Audible, ACX, and Amazon Music platforms — and ingested them, without notice or consent, into the training pipelines for the foundational voice models that power Amazon's commercial voice products, identified by Plaintiffs as Amazon Polly, Amazon Nova Sonic and Nova 2 Sonic, Alexa and Alexa+, Audible AI narration, ACX narrator voice replicas, and Kindle Direct Publishing Virtual Voice. Plaintiffs allege that the training process extracted their voiceprints, biometric identifiers

protected by Illinois law, and encoded them in the models' parameters, from which Amazon continues to profit while the resulting products compete with Plaintiffs in the markets where they earn their livings.

The Complaint asserts nine counts, each brought by Plaintiffs individually and on behalf of a putative class of all natural persons whose voice recordings were produced or recorded in Illinois and from whose recordings Amazon extracted voiceprints or biometric information in connection with the development, training, fine-tuning, evaluation, or operation of Amazon's foundational voice models or the voice products built on them. Counts I through V allege violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/15: § 15(b) (collection of voiceprints and biometric information without written notice, disclosure of the specific purpose and duration of collection, and a written release) (Count I); § 15(a) (failure to develop and make publicly available a retention-and-destruction policy applicable to biometric data obtained from non-user training-data sources) (Count II); § 15(c) (profiting from biometric identifiers) (Count III); § 15(d) (unauthorized disclosure, redisclosure, and dissemination, including transfers among Amazon-affiliated entities, transmissions to cloud-infrastructure subprocessors and vendors, and deployments to integration partners) (Count IV); and § 15(e) (failure to protect biometric data using the reasonable standard of care and in a manner at least as protective as Amazon's treatment of its other confidential and sensitive information) (Count V). Count VI alleges violations of the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/30(a) and, as amended by Public Act 103-836 (effective January 1, 2025), the Act's prohibition on unauthorized digital replicas, including material-contribution and facilitation liability. Count VII alleges unfair and deceptive practices under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2. Count VIII seeks injunctive relief only under the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), 815 ILCS 510/2(a)(2)–(3). Count IX alleges common-law unjust enrichment, pleaded in the alternative. Membership in the putative class is binary and determinable from Amazon's training-data records, including its manifests, ingestion logs, and provenance records.

No counterclaims or third-party claims have been filed. Amazon's responsive pleading to the Complaint is due on August 17, 2026.

**C. Relief Sought.** Plaintiffs seek: (i) BIPA statutory damages of $1,000 per negligent violation or $5,000 per intentional or reckless violation, on a per-person, per-subsection basis under 740 ILCS 14/20; (ii) actual damages, profits attributable to the unauthorized use, statutory minimum damages, and punitive damages under IRPA, 765 ILCS 1075/40; (iii) actual and punitive damages under ICFA; (iv) restitution and disgorgement of profits on an unjust-enrichment theory; (v) preliminary and permanent injunctive relief, including orders requiring Amazon to cease collecting biometric identifiers from voice recordings produced or recorded in Illinois without BIPA-compliant consent, to identify the sources of its voice training data, to destroy voiceprints and biometric information obtained without consent, to destroy or retrain the foundational voice models and downstream products in which that data is encoded, to establish a publicly available retention-and-destruction policy applicable to non-user training-data subjects, and to provide consumer-facing disclosures; and (vi) reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**D. Jury Demand.** Yes. Plaintiffs have demanded a trial by jury on all claims so triable.

**E. Unserved Parties.** No party remains unserved.

## II. Discovery and Pending Motions

**A. Pending Motions.** Amazon is moving to dismiss this action pursuant to Federal Rules of Civil Procedure Rule 12(b)(2) for lack of personal jurisdiction and, in the alternative, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Amazon's motion will be filed the same day as this status report.

**B. Discovery and Case-Management Proposal.**

**1. Type of Discovery Needed.** The parties anticipate written discovery, document discovery, and depositions, including one or more Rule 30(b)(6) depositions of Amazon. Plaintiffs state that discovery should include topics of such as training-data acquisition and provenance, model development and operation, consent and compliance practices, data retention and dissemination, and the monetization of the voice products at issue, together with third-party discovery directed to data vendors and to hosting and distribution platforms. Plaintiffs contend that discovery will involve large-volume, highly technical electronic discovery concerning Amazon's audio training corpora, data-ingestion pipelines, dataset manifests and provenance records, model weights, and related engineering documentation. The parties will negotiate an ESI protocol addressing data sources, custodians, search methodology, production formats, and inspection procedures for highly confidential technical materials, and anticipate proposing an order under Federal Rule of Evidence 502(d). Plaintiffs do not propose bifurcation: class discovery and merits discovery should proceed together, without phasing.

*Defendant's position*: Amazon believes that good cause exists to postpone discovery until after the Court resolves Amazon's motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6). A stay of discovery is appropriate on a motion to dismiss where the stay does not prejudice the non-movant, and the stay may simplify the issues in the case and reduce the burden of litigation on the parties and the court. *See Liggins v. Reicks*, No. 3:19-CV-50303, 2021 WL 2853359, at *1 (N.D. Ill. July 8, 2021); *see also Mujahid v. Newity, LLC*, No. 1:25-cv-08012, ECF No. 29 (N.D. Ill. Oct. 16, 2025) (Alonso, J.) (granting stay of discovery pending completion of briefing defendants' motion to dismiss); *MSP Recovery Claims Series 44, LLC v. Zurich Am. Ins. Co.*, No. 22-cv-05054 (N.D. Ill. May 3, 2023) (Dkt. 34) (employing the Court's "vast discretion" over the "scope and timing of discovery" to stay discovery where motion to dismiss raised potentially case dispositive threshold issues). Postponing discovery is appropriate because Amazon's motion challenges this Court's jurisdiction over Plaintiffs' claims and further challenges the sufficiency of all of Plaintiffs claims, such that postponing discovery may reduce the burden of litigation on the parties and on this Court, and because Plaintiffs will not be prejudiced by a delay in discovery because Amazon has taken appropriate steps to preserve relevant documents for potential future discovery.

Amazon submits that requiring the parties to undertake the broad, technical, and expensive discovery Plaintiffs describe before the pleadings are settled would be premature and disproportionate under Rule 26(b)(1) because the outcome of the rulings may dispose of the case or substantially narrow the claims. If the Court's preference is for Amazon to file a formal motion, then Amazon will brief this issue in a separate motion to stay discovery. Should discovery proceed, discovery should be bifurcated to limit class discovery until after the resolution of a motion for class certification; Amazon intends to challenge the use of the class action form on multiple grounds.

*Plaintiffs' position:* Plaintiffs oppose any stay of discovery. This Court's case procedures state that "the pendency of a motion–even a dispositive motion–does not operate as a stay of discovery," and the Seventh Circuit has explained that "[d]iscovery need not cease during the pendency of a motion to dismiss." *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 n.11 (7th Cir. 1988). A stay is protective-order relief under Rule 26(c) requiring a case-specific showing of good cause; it should be sought, if at all, by motion, which Plaintiffs will oppose. The "mere filing" of a motion to dismiss "does not automatically stay discovery," *In re Clearview AI, Inc., Consumer Priv. Litig.*, 2021 WL 5862495, at *1 (N.D. Ill. 2021) (declining to stay discovery pending a motion to dismiss in a biometric-privacy class action), and a stay rationale that "is true anytime a dispositive motion is filed" would "allow the exception to swallow the rule." *Harper v. Cent. Wire, Inc.*, 2020 WL 5230746, at *2 (N.D. Ill. Sept. 2, 2020); accord *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, 2013 WL 690613, at *3 (N.D. Ill. Feb. 20, 2013) (denying stay pending motion to dismiss). The only order Amazon cites from this Court stayed discovery only until briefing closed (ECF No. 29), in a single-plaintiff Telephone Consumer Protection Act case, after which the Court denied the motion to dismiss and the case proceeded. See *Mujahid v. Newity, LLC*, No. 25 C 8012, ECF No. 32 (N.D. Ill. Nov. 10, 2025). A stay here would prejudice Plaintiffs: the core evidence, including Amazon's training-data manifests, ingestion logs, and model checkpoints, is dynamic and exclusively within Amazon's control, and Amazon continues to operate and retrain the models at issue; Amazon's unilateral assurance of preservation on systems it is continuously modifying is no substitute for disclosure and a negotiated preservation and ESI framework. And because Amazon's motion challenges personal jurisdiction, Plaintiffs could in any event be entitled to jurisdictional discovery. At a minimum, Rule 26(a)(1) initial disclosures, preservation and ESI-protocol negotiations, and entry of a protective order should proceed while any motion is pending.

**2. Protective Orders.** Yes. Given the confidential and technical character of the anticipated discovery, the parties anticipate the need for a protective order based on the Northern District of Illinois Model Confidentiality Order, with negotiated provisions for particular categories of highly confidential technical material. Consistent with the Court's procedures, the parties will seek entry of the protective order by motion, attaching the proposed order as an exhibit redlined against the Model Confidentiality Order, and will email a clean Word version of the order to Proposed_Order_Alonso@ilnd.uscourts.gov, with a subject line identifying the case name and number, the docket number of the motion, and the title of the order (which will not include the word "proposed").

**3. Rule 26(a)(1) Disclosures.** Plaintiffs propose to exchange Rule 26(a)(1) initial disclosures by September 3, 2026, fourteen days after the initial status conference. Amazon's position, as described above, is that discovery should be stayed pending resolution of Amazon's motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6). If the Court orders discovery to proceed notwithstanding Amazon's pending dispositive motion challenging jurisdiction, Amazon reserves all rights to present an alternative date for the exchange of Rule 26(a)(1) disclosures.

**4. Completion of Fact Discovery.** Plaintiffs propose that fact discovery be completed by October 29, 2027. Amazon proposes that fact discovery be completed one year from the Court's ruling on Amazon's motion to dismiss.

**5. Expert Discovery.** Yes. The parties anticipate expert discovery, including expert testimony concerning voice-synthesis and machine-learning technology, the identification of speakers whose recordings appear within training corpora, issues bearing on class certification, and the nature and extent of the injuries Plaintiffs and the putative class sustained. The parties propose that the Court set the expert-discovery schedule at or near the close of fact discovery.

## III. Settlement and Referrals

**A. Settlement Discussions.** No settlement discussions have taken place to date.

**B. Settlement Conference.** The parties do not request a settlement conference before the Court or the Magistrate Judge at this time.

**C. Consent to the Magistrate Judge.** Counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment. The parties do not unanimously consent to that procedure.

Dated: August 17, 2026

Respectfully submitted,

**LOEVY & LOEVY**

/s/ Ross Kimbarovsky
________________________
Ross Kimbarovsky (6229590)
ross@loevy.com
Jon Loevy (6218524)
jon@loevy.com
Michael Kanovitz (6275233)
mike@loevy.com
Matthew Topic (6290923)
matt@loevy.com
Aaron Tucek (98624)
aaron@loevy.com
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312.243.5900 (phone)
312.243.5902 (fax)

*Attorneys for Plaintiffs Philip Rogers, Carol Marin, Robin Amer, Lindsey Dorcus, Yohance Lacour, and Victoria Nassif*

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ Elizabeth B. Herrington
________________________
Elizabeth B. Herrington
beth.herrington@morganlewis.com
Zachary R. Lazar
zachary.lazar@morganlewis.com
Alborz Hassani
al.hassani@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606-1511
312.324.1000 (phone)
312.324.1001 (fax)

*Attorneys for Defendant Amazon.com, Inc.*